**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re Application of<br><br>   THE ARENA MEDIA BRANDS, LLC<br><br>   *Petitioner.* |

Misc. Case No.: 1:26-mc-219

### MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S APPLICATION FOR THE ISSUANCE OF A SUBPOENA TO PRODUCE DOCUMENTS PURSUANT TO 35 U.S.C. § 24 TO MAGZTER, INC.

Petitioner The Arena Media Brands, LLC ("Arena Media"), by and through its undersigned counsel and pursuant to 35 U.S.C. § 24, hereby applies for the issuance of a subpoena,[1] by the Clerk of the Court to third party Magzter, Inc. ("Magzter") to provide documents within this judicial district in connection an *inter partes* trademark cancellation proceeding currently pending before the United States Patent and Trademark Office's ( "USPTO") Trademark Trial and Appeal Board ("TTAB"), titled *Contact Point Media LLC v. The Arena Media Brands, LLC*, Cancellation No. 92084447 (the "Cancellation Proceeding").

### FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2024, Contact Point Media LLC ("Contact Point") filed a Petition for Cancellation in the Cancellation Proceeding against Arena Media seeking the cancellation of Arena Media's Registration No. 3891738 for the Mark SNOWBOARDER in International Class 016 for magazines concerning mountain and snow sports; and International Class 041 for computer services, namely, providing on-line non-downloadable magazines and archived magazine articles concerning mountain and snow sports on the grounds the Mark was abandoned by Arena Media

---

[1] See Dkt. 1, Exhibit 1 (the "Subpoena").

and was not used in commerce for a period of three or more years.  See accompanying Declaration of Syed M. Abedi, sworn to on May 11, 2026 ("Abedi Dec."), Exhibit 1.[2]  On March 22, 2024, Arena Media answered the Petition of Cancellation denying the majority of Contact Point's allegations in the Cancellation Proceeding, asserted several affirmative defenses, and requested that the TTAB deny the Petition for Cancellation with prejudice. Abedi Dec., Exhibit 2.

Magzter is a nonparty with information and documents relevant to the claims and defenses in the Cancellation Proceeding. More specifically, Magzter is a licensee of Arena Media that publishes digital magazines that use the Marks at issue in the Cancellation Proceeding. Based upon Arena Media's investigation, Magzter is a digital publishing company located at 1177 Avenue of the Americas, Suite 5075, New York, New York 10036, which is in this district.  Abedi Dec., Exhibit 6.

## **ARGUMENT**

Generally, *inter partes* proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases set forth in Part 2 of Title 37 of the Code of Federal Regulations. *See* 35 U.S.C. §23 (granting the Director of the USPTO the authority to "establish rules for taking affidavits and depositions required in cases in the [USPTO]."). Under the USPTO's rules, the Federal Rules of Civil Procedure generally apply to all phases of inter partes proceedings, such as the Cancellation Proceeding, *see* 37 C.F.R. §2.116(a), including discovery and the taking of depositions, see 37 C.F.R. §2.120(a).

Thus, a party to a TTAB *inter partes* proceeding can also obtain nonparty documents by subpoena pursuant to 35 U.S.C. § 24 with or without a deposition. *Id*.; *El Encanto, Inc. v. Hatch*

---

[2] A true and correct copy of Arena Media's Registration for the Mark at issue in the Cancellation Proceeding is attached to the Abedi Dec. as Exhibit 3.  A true and correct copy of the chain of title from the entity listed on the face of Exhibit 3 to Arena Media is attached to the Abedi Dec. as Exhibit 4.

*Chile Co., Inc.*, 825 F.3d 1161, 1163, 1167 (10th Cir. 2016). The Cancellation Proceeding is indisputably a "contested case in the Patent and Trademark Office."

This Application is proper pursuant to 35 U.S.C. § 24 and the Subpoena should be issued for the following reasons. First, the Subpoena seeks information and documents that are relevant to the Cancellation Proceeding, namely, to obtain documents demonstrating that (i) issues of Snowboarder Magazine were offered for sale from November 1, 2020 to December 4, 2025; (ii) there was at least one end-user who purchased and/or accessed any issue of Snowboarder Magazine for each calendar month from November 2020 to November 2025; and (iii) any agreements with The Arena Media Brand's Predecessor(s)-in-Interest (e.g., A360 Media, LLC) granting Magzter a license to distribute magazines acquired by The Arena Media Brand from A360 Media, LLC. This evidence is highly relevant to Arena Media's defenses it has not abandoned the use of the Mark at issue and that Contact Media is well aware that Arena Media continues to offer publications under the Mark identified in the Cancellation Proceeding. Accordingly, Magzter likely possesses information and documents regarding disputed matters in the Cancellation Proceeding.

Second, the Subpoena meets all the statutory requirements for issuance under 35 U.S.C. §24 because, upon information and belief, Magzter is located at 1177 Avenue of the Americas, Suite 5075, New York, New York 10036 (Abedi Dec., Exhibit 5), the Application seeks issuance of the Subpoena from this district, and the Subpoena requires compliance within this district.

Third, the Subpoena is narrowly tailored and seeks to obtain the required documents while attempting to avoid imposing undue burden on Magzter and Arena Media will work, in good faith, with Magzter to further minimize any burdens where possible.

Fourth, Arena Media will comply with all applicable provisions of Federal Rule of Civil Procedure 45. Arena Media will give notice to all parties in the Cancellation Proceeding prior to serving the Subpoena.

## CONCLUSION

Accordingly, Petitioner respectfully requests issuance of the Subpoena to Magzter pursuant to the Court's authority under 35 U.S.C. § 24.

Dated: New York, New York
        May 12, 2026

AKERMAN LLP

*/s/ Scott M. Kessler*_____
Scott M. Kessler
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel: (212) 880-3800
Fax: (212) 880-8965
scott.kessler@akerman.com

*Attorneys for Petitioner The Arena Media Brands, LLC*